IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| PATRICIA JONES, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:15-cv-00321-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Patricia Jones, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 14-29) The Appeals Council denied Plaintiff's request for a review (Tr. 1-4), making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

1

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence

Plaintiff is fifty-one years old. (Tr. 40) She presumably is a high school graduate as she attended college. (Tr. 41) She also earned a diploma in secretarial business communication. (*Id.*) She has past relevant work as a packer, forklift driver, and machine operator. (Tr. 41-44, 68)

Plaintiff alleges she is disabled due to hearing loss, bronchitis, heart problems, arthritis, knee problems, hypertension, and depression. (Tr. 84) The ALJ[1] found Ms. Jones had not engaged in substantial gainful activity since June 15, 2012, the alleged onset date. (Tr. 16) She has "severe" impairments in the form of obesity, bilateral knee osteoarthritis, hypertension, bronchitis, depression, anxiety, and substance addiction disorder. (*Id.*) The ALJ further found Ms. Jones did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 17-19)

The ALJ determined Ms. Jones had the residual functional capacity to perform a reduced range of light work. (Tr. 19-20) With regard to her physical limitations, the ALJ said Ms. Jones could perform light work "except cannot climb ladders, ropes, and scaffolds; can occasionally climb ramps and stairs; can occasionally crouch, stoop, kneel, and crawl; would need option to sit or stand

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

at will." (Tr. 19) Giving consideration to her mental impairment, the ALJ determined Ms. Jones's reduced residual functional capacity would limit her to work "involving simple and routine tasks where changes in the workplace setting would be infrequent and gradually introduced and could have occasional interaction with supervisors, co-workers, and the general public." (Tr. 19-20) Because of her bronchitis, the ALJ determined she "would need to avoid concentrated exposure to pulmonary irritants." (Tr. 20) Given these limitations, the ALJ determined Ms. Jones was unable to perform any of her past relevant work. (Tr. 27) So, he enlisted the services of a vocational expert to determine if Ms. Jones could perform other work. (Tr. 67-72) The ALJ asked the vocational expert hypothetical questions and concluded that, despite her limitations, Plaintiff could perform the jobs of buttoner and small products assembler. (Tr. 28) Accordingly, the ALJ determined Ms. Jones was not disabled. (*Id.*)

In support of her Complaint, Plaintiff raises two arguments. She argues the Commissioner's decision should be reversed because 1) the Appeals Council failed to consider important additional evidence and 2) the ALJ incorrectly determined Plaintiff can perform the standing and walking requirements of light work. (Doc. No. 12 at 10-15)

I have carefully considered Plaintiff's arguments. Her counsel has done an admirable job of putting forth the strongest case possible. She raises an interesting question about the applicability of the prescription for a cane. (Tr. 10) But the Commissioner has countered with several persuasive arguments (Doc. No. 14 at 4-5) and I am unwilling to remand the case based on this one document. I find the ALJ did a thorough job in this matter and, even if the prescription for a cane was considered, it would not change the outcome.

The real question before me is whether the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. Given a close review of the evidence in this case, I find the

ALJ's decision is supported by substantial evidence.

Plaintiff bore the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and she has not met this burden. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The evaluations by Joseph M. Patterson, M.D., Sarita Subba, M.D., and Michael Hood, M.D., generally support the ALJ's assessment that Plaintiff is capable of performing a reduced range of light work. (Tr. 323-28, 334-38, 401) Plaintiff's claim of complete disability also fails when matched up against the treatment notes. (Tr.303-320, 345-352) The ALJ adequately addressed Plaintiff's standing and walking limitations by including the option to sit or stand at will. (Tr. 19)

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 6th day of June, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE